Jack Stanislaw, J.
The petitioner seeks an order ‘ ‘ adjudging that the proceedings of the respondents [Central School District No. 6, Town of Huntington] at the regular annual meeting * # * ailcj the subsequent action of the voters of said school district * * * in adopting the school budget for the year July 1, 1963 to June 30, 1964, is invalid, illegal and void ”.
Petitioner contends that the budget, including an item of $2,528.40 for payment of a legal fee, is void for that item. He states that the legal services the subject of this bill were rendered to certain school board members individually and not in their official capacity. For this reason the budget is purportedly illegal. Respondents take the position that legal services were rendered school board-members involved in a lawsuit in their official capacity.
On May 7, 1963, respondents presented the school budget at a regular annual district meeting. On the following day the budget was submitted to the voters in the district and adopted. Petitioner here asks the enjoining of any levy of taxes pursuant to this budget.
The application is made at this time to avoid a proceeding-after taxation in the nature of a taxpayer’s suit. The remedy sought herein is predicated on the hypothesis that the controversy is one that may be directly reviewed or adjudicated by this court. (Matter of Leone v. Hunter, 21 Misc 2d 750; Matter of Lombardo, 37 Misc 2d 436; Matter of Prendergast v. Board of Educ. of City of N. Y., 192 Misc. 376; Matter of Miller v. Gould, 121 Misc. 270; Matter of Madeo v. McGuire, 192 N. Y. S. 2d 936, 938 [“ Remedy under Section 310 of the Education Law is not exclusive. In a proper case redress may be had to the courts.”].)
Respondents rely on the said section 310 of the Education Law, which relates in part that1 ‘ Any person conceiving himself aggrieved may appeal or petition to the commissioner of education * * * Such appeal or petition may be made in consequence of any action: 1. By any school district meeting * * * 7. By any other official act or decision of any officer, school authorities, or meetings concerning any other matter under this chapter, or any other act pertaining to common *571 schools. ’ ’ This section is cited in conjunction with section 2037: ‘ ‘ All disputes concerning the validity of any district meeting or election or of any of the acts of the officers of such meeting or election shall be referred to the commissioner of education for determination and his decisions in the matter shall be final and not subject to review.’ ’ Though persons aggrieved may appeal (§ 310) to the Commissioner (Matter of Madeo v. McGuire, supra), disputes (§ 2037) are referred to the Commissioner mandatorily. (Guariglia v. De Furio, 34 Misc 2d 200; Matter of Pipe & Eng. Co., 220 N. Y. S. 2d 175; Matter of Pacos v. Hunter, 29 Misc 2d 404, appeal dismissed 11 N Y 2d 1112; Matter of Mullooly v. Union Free School Dist. No. 8, 20 Misc 2d 795, 796: contention that proposed school budget meeting would be invalid, held: “ reviewable by the Commissioner.”)
The obvious conflict on procedure to be followed in the cited cases should be resolved. Until such resolution each court acts, as here, on its own interpretation of the statute. It is this court’s contention that there is a distinction in these cases, in that the courts will only assume jurisdiction in the first instance in those matters involving personal, constitutionally guaranteed rights (see Judd v. Board of Educ., 278 N. Y. 200). On the other hand there are cases where the primary concern is statutory interpretation. The latter may ultimately affect individual rights, but there is an area where orderly, technically and professionally competent review of disputes by the Commissioner adequately protects those aggrieved. (Matter of Gray v. Board of Educ., 133 N. Y. S. 2d 838, affd. 5 A D 2d 716.) To determine otherwise would result in judicial intrusion into an administrative area of specialization purposefully provided by the Legislature.
The added safeguard of review by the courts of unlawful or arbitrary decisions of the Commissioner of Education supplements administrative review. (Matter of Ross, 308 N. Y. 724.) To bypass this double check by allowing direct appeal to the courts negates what appears to be a highly protective procedure. Constitutionally assured rights will not be relegated. In a proper case the courts should take, even insist upon, jurisdiction.
For these reasons this court finds itself without jurisdiction to entertain the within application, The petition is therefore dismissed and the stay heretofore granted is vacated.