10 N.Y.3d 385 (2008)
887 N.E.2d 1142
858 N.Y.S.2d 84
JERICHO WATER DISTRICT, Respondent,
v.
ONE CALL USERS COUNCIL, INC., et al., Appellants.
Court of Appeals of the State of New York.
Argued March 19, 2008.
Decided May 1, 2008.
*386 Wilder & Linneball, LLP, Buffalo (Laura A. Linneball of counsel), and Murphy, Bartol & O'Brien, LLP, Mineola (Robert Garfinkle of counsel), for appellants.
Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

OPINION OF THE COURT
SMITH, J.
All operators of underground facilities (pipes, cables, wires and the like) are required by statute to participate in a "one-call notification system," so that someone planning excavation may easily find out in advance where those facilities are. The costs of the one-call system are apportioned among the operators who belong to it, but "municipalities" are exempt from paying a share of the costs. We decide in this case that a water district is not a municipality for these purposes, and must pay its share.
Underground equipment that serves to carry gas, electricity, water and other things poses a problem for any project that involves digging. Accidental contact with pipes and wires can be costly and dangerous, and thus excavators must know where the underground facilities are before they start to dig. The purpose of a one-call system is to make that information available as efficiently as possible. A firm planning a project that involves excavation or demolition need make only one call, to the one-call center, to give notice about where it is digging. That information is relayed by the one-call system to all of its members who may have facilities in the area, and those members then mark the ground to show the excavator what parts of it to avoid.
General Business Law § 761 (1) says that every operator of underground facilities "shall participate in and be responsible *390 for the administration of a one-call notification system." Section 761 (3) says, in relevant part: "The costs of operating the system shall be apportioned equitably among the members of the system, with the exception of municipalities and authorities that operate underground facilities and any operator of underground facilities that provides water service to less than four thousand customers."
Plaintiff, an operator of underground facilities, is an "improvement district," specifically a water district, created pursuant to Town Law § 190. Plaintiff is located in the Town of Oyster Bay, but its commissioners are independently elected, not appointed by town officials (Town Law § 211). Plaintiff brings this action against a one-call system and the administrator of that system, seeking a declaratory judgment that it is entitled to an exemption from sharing the system's costs. It is undisputed that plaintiff serves more than 4,000 customers, and that it is not an authority. The only issue is whether General Business Law § 761 (3)'s exemption for "municipalities" applies to it.
Supreme Court held that plaintiff was not a municipality, and granted summary judgment in defendants' favor. The Appellate Division, one Justice dissenting, reversed and granted summary judgment in plaintiff's favor. We granted leave to appeal, and now reverse the Appellate Division's order and reinstate Supreme Court's judgment.
"Municipality" is an ambiguous word. It denotes a unit of local government, but it may be used relatively narrowly, to include only entities exercising general governmental functionsi.e., counties, cities, towns and villagesor more broadly, to include also specialized governmental units like plaintiff. In several New York statutes, "municipality" is a defined term, and both the narrower definition (ECL 15-0107 [3]; Executive Law § 155-a [3], [4]; General Business Law § 780 [4]; General City Law § 20-g [3] [a]; General Municipal Law § 239-h [2]; Town Law § 284 [3] [a]) and the broader one (General Municipal Law § 77-b [1] [a]; Public Authorities Law § 1115-a [13]) are used. But there is no statutory definition of the word as used in General Business Law § 761 (3), and the legislative history of that statute gives no clue to which definition the Legislature had in mind.
The narrower definition of "municipality" better corresponds to common usage. In ordinary English, a water district is not a municipality. We recognized this in Kenwell v Lee (261 NY 113, *391 116 [1933]), where we held that a town water supply district "is not a municipality within the meaning of article VII, section 7, of the Constitution." We added that "[w]hile a water district, for the special objects of certain statutes, has been included as a matter of convenient reference within the terms `municipal corporation,' or `municipality,' it is essentially and only `a special administrative area'" (id. at 117 [citations omitted]).
Other aids to interpretation point in the same direction. General Construction Law § 66 (2) contains a relatively narrow definition of "municipal corporation," to include only "a county, city, town, village and school district." This definition "is applicable to every statute unless its general object, or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended" (General Construction Law § 110). While it is true that the General Construction Law defines "municipal corporation" and not "municipality," there is no apparent reason why the latter term should be read more broadly than the former.
The narrower meaning of "municipality," which does not include plaintiff and other improvement districts, is the one favored by amicus curiae the Department of Public Service (DPS). DPS drafted the legislation in issue, and the Public Service Commission, which is part of DPS, is charged with drafting regulations to implement it (Public Service Law § 119-b [2]). While the definition of "municipality" is not one requiring specialized knowledge on which we must defer to agency expertise, we nevertheless pay respectful attention to the agency's views. And finally, our conclusion that the narrower reading is the correct one here is reinforced by the maxim that exceptions to generally applicable statutory provisions should be strictly construed (see McKinney's Cons Laws of NY, Book 1, Statutes § 213).
Accordingly, the order of the Appellate Division should be reversed, with costs, and the order of Supreme Court reinstated.
Order reversed, etc.