■ TUNISHIA R. MURRAY, Appellant, v CITY OF NEW YORK, Respondent. [903 NYS2d 34]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered September 29, 2009, which denied plaintiff's motion for summary judgment on her cause of action for false arrest and false imprisonment, unanimously affirmed, without costs.

Plaintiff failed to submit evidence in admissible form sufficient to establish entitlement to judgment as a matter of law, but relied solely on an affirmation of counsel annexing an arrest report, and a complaint verified by counsel, who had no personal knowledge of the facts (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]). Furthermore, plaintiff is incorrect that she can prevail by establishing that she was arrested in the late afternoon after a search warrant was executed at her apartment, held overnight, and released the next day after the District Attorney's office declined to prosecute. An action for false imprisonment may arise, even if an arrest was lawful in its inception, if there was an "unnecessary delay" in arraigning the plaintiff (*Lewis v Counts*, 81 AD2d 857 [1981]), or if the conduct of the police "toward plaintiff after the arrest was not legally justifiable" (*Clark v Nannery*, 292 NY 105, 108 [1944]). However, plaintiff's bare showing, assuming it were based on admissible evidence, was insufficient to establish that there was any unnecessary delay in arraignment (*see* CPL 140.20 [1]; *People ex rel. Maxian v Brown*, 77 NY2d 422, 424 [1991]), or that she continued to be held without legal justification after a determination was made that there was not reasonable cause to believe she had committed the offense for which she was arrested (*see* CPL 140.20 [4]). Plaintiff's failure to make a prima facie showing requires a denial of the motion, regardless of the sufficiency of the City's opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Concur—Mazzarelli, J.P., Moskowitz, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ.