Matter of MSK Realty Interests, LLC v Department of Fin. of the City of N.Y. (2019 NY Slip Op 01662)





Matter of MSK Realty Interests, LLC v Department of Fin. of the City of N.Y.


2019 NY Slip Op 01662


Decided on March 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2019

Friedman, J.P., Sweeny, Richter, Oing, Moulton, JJ.


8637 158386/16

[*1]In re MSK Realty Interests, LLC, Petitioner-Appellant,
v
Department of Finance of the City of New York, Respondent-Respondent.


Brill & Meisel, New York (Michael J. Willner of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Edan Burkett of counsel), for respondent.



Judgment, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about May 1, 2017, denying the petition to annul Rules of Department of Finance of City of New York (19 RCNY) § 50-02 (effective January 26, 2014), which retroactively eliminated eligibility for a tax abatement for corporate and other non-individual owners of condominiums and cooperative apartments, and to prohibit respondent from seeking restoration from petitioner of erroneous abatements for four years, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The construction given RPTL 467-a by respondent, the agency responsible for the administration of the statute, is not irrational or unreasonable, and we therefore defer to it (see Matter of Wai Lun Fung v Daus, 45 AD3d 392, 393 [1st Dept 2007]). Respondent's determination that the term "primary residence" refers to the dwelling place of individuals and does not apply to corporations, LLC partnerships or other entities is not arbitrary and capricious; it is consistent with other Real Property Tax Law provisions, dictionary definitions, and common usage of the term (see generally Rosner v Metropolitan Prop. & Liab. Ins. Co., 96 NY2d 475, 479-480 [2001]; Jericho Water Dist. v One Call Users Council, Inc., 10 NY3d 385, 390-391 [2008]). Respondent's determination is also consistent with the legislative history, which reflects that, after respondent had proposed new rules excluding corporations, LLC, partnerships and trusts from eligibility for the abatement, the legislature amended the statute to ensure that certain types of trusts would be eligible, but made no change to protect the other types of entities.
Petitioner failed to establish that the restoration of its erroneously abated taxes for four years violated its due process rights, was made in violation of a lawful procedure, or was arbitrary and capricious. Pursuant to RPTL 467-a(2) (as amended by L 2013, ch 4, §§ 18 to 20, eff Jan. 30, 2013, deemed eff June 1, 2012), the primary residency requirement was made retroactive, and the period of retroactivity provided for in the statute was not excessive (see James Sq. Assoc. LP v Mullen, 21 NY3d 233, 246 [2013]). Respondent had the authority to recover erroneously abated taxes pursuant to 19 RCNY 50-08, which was promulgated pursuant to RPTL 467-a(7).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 7, 2019
CLERK