McQueen v City of New York (2025 NY Slip Op 25007)

[*1]

McQueen v City of New York

2025 NY Slip Op 25007

Decided on January 10, 2025

Supreme Court, Kings County

Frias-Colón, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 10, 2025
Supreme Court, Kings County

Dwayne McQueen, individually and on behalf of a class of all others similarly situated, and Ray Cedeño, individually and on behalf a class of all others similarly situated, Plaintiff,

against
The City Of New York, Police Commissioner Dermot Shea, individually and in his official capacity, Police Officer Peter Ruotolo, individually and in his official capacity, Police Officer Omar Eltabib, individually and in his official capacity and New York City Police Officers John and Jane Does, Defendants.

Index No. 509993/2020

For Plaintiff:
Alexander Klein, Barket Epstein Kearon Aldea & LoTurco, 666 Old Country Rd., Ste 700, Garden City, NY 11530, 516-745-1500, aklein@barketepstein.com.
For Defendant City:
Jaimini Vyas of the New York City Law Department, 100 Church Street Room 2-306, New York, NY 10007, 212-356-2079, jvayas@law.nyc.gov.

Patria Frias-Colón, J.

Recitation as per CPLR §§ 2219(a) and/or 3212(b) of papers considered on review of this motion:
NYSCEF Doc. #s 15-33, 50-56 by Plaintiffs
NYSCEF Doc. #s 35-46, 57-58 by Defendants
Upon the foregoing cited papers and after oral argument on July 24, 2024, pursuant to CPLR §§ 901 and 902, Plaintiffs Motion to certify the proposed class (Motion Sequence #1) is DENIED. Pursuant to CPLR § 3211(a)(7), Defendants' cross-motion to dismiss the complaint (Motion Sequence # 2) is GRANTED.
In this putative class action, Plaintiffs Dewayne McQueen and Ray Cedeno allege causes [*2]of action for wrongful detention,[FN1]
respondeat superior liability against the City, deprivation of due process under state law, supervisory liability against Defendant former Police Commissioner Dermot Shea and a permanent injunction based on the assertion that the police officers who processed Plaintiffs' arrests for driving while intoxicated (Vehicle and Traffic Law § 1192[3]) ("VTL") improperly extended their detention by holding them for arraignment rather than issuing an appearance ticket pursuant to Criminal Procedure Law ("CPL") § 150.20(1)(a).[FN2]

BACKGROUND
On January 11, 2020, at approximately 3:40 a.m., a New York City Police Department ("NYPD") officer arrested Plaintiff DeWayne McQueen on suspicion of drunk driving. This was McQueen's first arrest. The officer took McQueen to the precinct, where, after McQueen's initial refusal to be administered a breathalyzer test, he consented to it and the officer measured McQueen's blood alcohol content ("BAC") at .07%. Plaintiff McQueen was thereafter detained for approximately 20 hours before being arraigned on the charges of violating VTL § 1192(3) (Driving While Intoxicated [DWI], a misdemeanor) and VTL § 1192(1) (Driving While Ability Impaired [DWAI], a traffic infraction). At the arraignment, the judge released Plaintiff McQueen on his own recognizance and did not suspend or revoke his license.[FN3]

A few weeks later, on February 1, 2020, a NYPD police officer arrested Plaintiff Ray Cedeño on suspicion of drunk driving. This was also Plaintiff Cedeño's first arrest. At the precinct, the officer administered a breathalyzer test that measured Plaintiff Cedeño's BAC at .07%. Plaintiff Cedeño was thereafter detained for approximately 24 hours before being arraigned on the same charges as Plaintiff McQueen, violating VTL § 1192(3) (DWI) and VTL § 1192(1) (DWAI). As with Plaintiff McQueen, at the arraignment, the judge released him on his own recognizance without suspending or revoking his license.
As alleged in the complaint and argued in support of their own motion and opposition to Defendants' motion, Plaintiffs' argue that the appearance ticket requirements of Criminal [*3]Procedure Law ("CPL") § 150.20(1)(a) (as amended by L 2019, c 59, pt. JJJ, § 1-a)[FN4]
 mandated that, after processing plaintiffs' arrests, the officers were to have issued Plaintiffs appearance tickets rather than detaining them for arraignment before the criminal court. Plaintiffs assert that Class certification is appropriate because, from the effective date of the amendment liberalizing the appearance ticket requirements, Defendants have had a practice, and since February 2021 an express policy, of holding for arraignment arrestees who have tested under the legal limit of 0.08 BAC for whom a desk appearance ticket is required.
According to Plaintiffs, even the higher charge for DWI is a misdemeanor (VTL §§ 1192[3], 1193[2]) that fails squarely within CPL § 150.20(1)(a)'s directive requiring the issuance of an appearance ticket for an arrest without a warrant for all offences other than A, B, C and D felonies and certain other expressly excepted charges. Plaintiffs further contend that none of the exceptions contained in CPL § 150.20(1)(b) applied to their arrests. Regarding the exception under CPL § 150(1)(b)(vii), which provides that, "An officer is not required to issue an appearance ticket if . . . the person is charged with a crime for which the court may suspend or revoke his or her driver license," Plaintiffs contend that it only applies to persons who are subject to having their licenses suspended or revoked prior to conviction and does not look to what action may be taken regarding the license upon conviction. As such, since Plaintiffs' licenses could not have been suspended for the DWI charge under VTL § 1192(3), the exception is inapplicable here (see VTL § 1193 [2][e][1], [e][2], [e][7]).
Plaintiffs do not challenge whether the officers had probable cause for their initial detention and arrests. However, Plaintiffs submit that, by failing to issue appearance tickets and release Plaintiffs as required under CPL § 150.20(1)(a), the officers improperly detained Plaintiffs for arraignment in criminal court and said detention was akin to a period of detention resulting from an unnecessary delay in arraignment that has been held sufficient to make out a claim for false imprisonment or false arrest (see Murray v City of New York, 74 AD3d 550, 550 [1st Dept 2010]; Lewis v Counts, 81 AD2d 857, 857 [2d Dept 1981]; Yattassaye v City of New York, 2017 NY Slip Op 31210[U], *3-4 [Sup Ct, New York County 2017]; Dishman v City of New York, 36 Misc 3d 1216[A], 2012 NY Slip Op 51361[U], *3-4 [Sup Ct, New York County 2012]; see also Douglas v City of New York, 79 Misc 3d 496, 510-511 [Sup Ct, New York County 2023]).
Defendants, in contrast, assert that the exception under CPL § 150.20(1)(b)(vii) is broadly written and applies to charges for crimes that may result in a suspension or revocation of a driver's license upon conviction. Because VTL § 1193 provides for the suspension or revocation of a license upon conviction for any level of operating a vehicle under the influence of alcohol, including Plaintiffs' DWI charges (see VTL §§ 1192[3], 1193[2]), Defendants contend the exception applied to Plaintiffs, that the officers who arrested them were not mandated to issue appearance tickets, and there was no impropriety in detaining Plaintiffs for [*4]arraignment in criminal court. Absent an improper pre-arraignment detention, Defendants assert Plaintiffs' failed to state a cause of action under any of the legal theories in the complaint.
Discussion
The Court turns first to Defendants' motion to dismiss pursuant to CPLR § 3211(a)(7). On a motion to dismiss for failure to state a cause of action pursuant to CPLR § 3211(a)(7), "the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Cantor v Villucci, 212 AD3d 765, 766 [2023] [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; B&B Maintenance Servs., Inc. v Town of Oyster Bay, 228 AD3d 808, 808 [2d Dept 2024]). "Upon the submission of evidentiary material in support of such a motion, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Klostermeier v City of Port Jervis, 200 AD3d 866, 867-868 [2021] [internal quotation marks omitted]; see B&B Maintenance Servs., Inc., 228 AD3d at 808-809). Here, given Plaintiffs' contentions, the issue of whether Plaintiffs' arrests fall within CPL § 150.20(1)(b)(vii)'s exception to the appearance ticket requirements of CPL § 150.20(1)(a) is determinative of whether Plaintiffs have a cause of action. The scope of the exception under CPL § 150.20(1)(b)(vii) presents an issue of statutory interpretation.
The Court of Appeals has stated that, "[i]n matters of statutory interpretation, our primary consideration is to discern and give effect to the Legislature's intention" (Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities, 19 NY3d 106, 120 [2012]). "As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language [of the statute] itself, giving effect to the plain meaning thereof" (People ex rel. E.S. v Superintendent, Livingston Corr. Facility, 40 NY3d 230, 235 [2023] [internal quotation marks and citations omitted]). "'[A]ll parts of a statute are intended to be given effect' and 'a statutory construction which renders one part meaningless should be avoided'" (Matter of Anonymous v Molik, 32 NY3d 30, 37 [2018], quoting Rocovich v Consolidated Edison Co., 78 NY2d 509, 515 [1991]). Since the provision at issue is contained in an exception to the general rule requiring the issuance of an appearance ticket, this Court is mindful that "exceptions to generally applicable statutory provisions should be strictly construed" (Jericho Water Dist. v One Call Users Council, Inc., 10 NY3d 385, 391 [2008]; see Van Amerogen v Donnini, 78 NY2d 880, 882 [1991]; McKinney's Cons Laws of NY, Book 1, Statutes § 213). Plaintiffs also assert that the determination should be guided by the rule of lenity, which provides that, "[I]f two constructions of a criminal statute are plausible, the one more favorable to the defendant should be adopted in accordance with the rule of lenity" (People v Golb, 23 NY3d 455, 468 [2014]). Nevertheless, "'Absent ambiguity the courts may not resort to rules of construction to [alter] the scope and application of a statute' because no such rule 'gives the court discretion to declare the intent of the law when the words are unequivocal'" (Kuzmich v 50 Murray St. Acquisition LLC, 34 NY3d 84, 91 [2019], quoting Bender v Jamaica Hosp., 40 NY2d 560, 562 [1976]; see also McKinney's Cons Laws of NY, Statutes § 94, Comment ["(t)he (l)egislature is presumed to mean what it says"]). Similarly, "Where the statutory language is unambiguous, a court need not resort to legislative history" (Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 173 [2019]).
Applying these rules to the exception at issue, Plaintiffs' assertion that CPL § 150.20(1)(b)(vii) must be read as only applying to suspensions or revocations that may occur prior to conviction is belied by the plain language of the provision. Namely, the exception, by broadly stating that it applies where "the person is charged with a crime for which the court may suspend or revoke his or her driver license" (CPL § 150.20[1][b][vii]) contains no express or implied suggestion that it is limited to suspensions or revocations that may only be imposed prior to conviction. Indeed, under Vtl § 1193, the Court may only "revoke" a license upon a conviction for certain VTL § 1192 driving under the influence offenses and there is no provision for a court-imposed revocation of a license prior to a conviction.[FN5]
 As such, any suggestion that CPL § 150.20(1)(b)(vii) does not include suspensions or revocations that may occur upon conviction is eliminated by its statement that it applies where a Court may "revoke" a license. Contrary to Plaintiffs' additional contention, the use of the word "charged" does not suggest a limitation on the exception since, at the time of the arrest, an arrestee only faces charges of an offense, and a conviction only occurs following a plea or a trial.
Under these circumstances, the maxim of statutory interpretation requiring a strict construction of statutory exceptions cannot be used to justify Plaintiffs' narrow construction of the exception here because that construction is contrary to the exception's plain meaning (Kuzmich, 34 NY3d at 91). For the same reason, the rule of lenity does not apply because, contrary to Plaintiffs' contention, the statute is not ambiguous (see People v Badji, 36 NY3d 393, 404-405 [2021]). Accordingly, the exception of CPL § 150.20(1)(b)(vii) applied to Plaintiffs' arrests since they were each charged with a "crime for which the court" could "suspend or revoke" their licenses and that, as such, the officers who arrested Plaintiffs were not mandated to issue them appearance tickets under CPL § 150.20(1)(a).
The Court notes that Plaintiffs have effectively conceded they and their class do not have a claim if the statute is read in this manner. In this regard, Plaintiffs stated in their memorandum of law that, "[i]f Bail Reform did not require police to issue a DAT (desk appearance ticket) to the Plaintiffs and those similarly situated to them, then they would lack a right to recover in these proceedings."[FN6]
Regardless of Plaintiffs' concession, the complaint and other evidentiary material submitted by the Plaintiffs here conclusively demonstrate that Plaintiffs do not have causes of action for false imprisonment or violations of due process under the state constitution where the police were not required to issue desk appearance tickets.
With respect to the cause of action premised on a due process violation under the state constitution, the alleged violation of CPL § 150.20(1)(a) was the ground identified as supporting a due process violation, and since this Court has found that Defendants were not mandated to issue an appearance ticket under that section, Plaintiffs have pleaded no other basis for finding an infringement of a protected liberty interest sufficient to establish a due process violation (cf. Linen v County of Rensselaer, 274 AD2d 911, 913-914 [3d Dept 2000]).
Regarding the cause of action Plaintiffs have denominated as one for "wrongful detention," this cause of action falls within the ambit of New York's common law tort of false imprisonment or false arrest (see Murray, 74 AD3d at 550; Lewis, 81 AD2d at 857; Douglas, 79 Misc 3d at 510-511).[FN7]
False imprisonment requires "that the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement and did not consent to the confinement, and that the confinement was not otherwise privileged" (Luers v City of New York, 205 AD3d 898, 899 [2d Dept 2022] [internal quotation marks omitted]; see Martinez v City of Schenectady, 97 NY2d 78, 85 [2001]; Tueme v Lezama, 217 AD3d 715, 716-717 [2d Dept 2023]). The absence of probable cause is not required to sustain a false imprisonment cause of action and need not be pleaded (see Broughton v State of New York, 37 NY2d 451, 456-457 [1975]; D'Amico v Correctional Med. Care, Inc., 120 AD3d 956, 961 [4th Dept 2014]). The "existence of probable cause, however, serves as a legal justification for the arrest and an affirmative defense to the claim of false imprisonment or false arrest" (Williams v City of New York, 114 AD3d 852, 853 [2d Dept 2014]; see Ballinger v City of Mount Vernon, — AD3d —, 2024 NY Slip Op 06179, *2 [2d Dept 2024]), as an arrest is privileged if it stems from a lawful arrest supported by probable cause (see De Lourdes Torres v Jones, 26 NY3d 742, 759 [2016]).
Here, the respective misdemeanor complaints submitted by Plaintiffs themselves contain statements by the arresting officers regarding their observations of Plaintiffs' operation of their vehicles while showing signs of intoxication that are sufficient to demonstrate that they had probable cause to arrest them for VTL § 1192(3) (see Matter of Crowder v Fiala, 175 AD3d 1408, 1409 [2d Dept 2019]; People v Spencer, 289 AD2d 877, 879 [3d Dept 2001], lv denied 98 NY2d 655 [2002]; see also People v Fiumara, 116 AD3d 421, 421 [1st Dept 2014], lv denied 23 NY3d 1036 [2014]).[FN8]
In the absence of any contrary allegations addressing probable cause, the complaint and the exhibits submitted by Plaintiffs, including the misdemeanor complaints, conclusively demonstrate the existence of probable cause and, thus, that Plaintiffs do not have a cause of action to recover for false arrest or imprisonment (see Nasca v Sgro, 130 AD3d 588, 589-590 [2d Dept 2015]).
Without an underlying tort violation or constitutional claim, Plaintiffs' remaining causes of action for respondeat superior liability, supervisory liability and for a permanent injunction all fail (see Crandall v Equinox Holdings, Inc., 231 AD3d 472, 475 [1st Dept 2024]; Longhi v Lewit, 187 AD3d 873, 878 [2d Dept 2020], lv denied 36 NY3d 906 [2021]; see also Matter of Harper v Neary, 225 AD3d 595, 595 [2d Dept 2024]; Talley v Varner, 786 Fed Appx 326, 329 [3d Cir 2019]; Segal v City of New York, 459 F3d 207, 219 [2d Cir 2006]). Defendants are thus entitled to dismissal of the complaint.
As this Court is granting Defendants' cross-motion to dismiss, Plaintiffs' motion for class [*5]certification is denied as academic (see Gridley v Turnbury Vil., LLC, 196 AD3d 95, 103 [2d Dept 2021], lv denied 2021 NY Slip Op 75990[U] [Ct App 2021]).
This constitutes the Decision and Order of the Court.
Date: January 10, 2025
Brooklyn, New York
Hon. Patria Frias-Colón, J.S.C.

Footnotes

Footnote 1:Plaintiffs used the term wrongful detention as opposed to false arrest or false imprisonment as they assert that characterization of the claim does not turn upon whether the police had probable cause to initially arrest Plaintiffs. (NYSCEF Doc No. 23, complaint at 16, n 7).

Footnote 2:This action was removed to Federal Court shortly after it was commenced. There, the Federal District Court dismissed the Federal causes of action, made no determination regarding the state causes of action, and remanded these state causes of action back to this Court (NYSCEF Doc No. 42). Once the federal court referred the remainder state caused of action to this Court, Plaintiffs agreed to withdraw the supervisory liability and permanent injunction causes of action (NYSCEF Doc No. 50, plaintiffs' Memorandum of Law in Opposition at 3 n 1).

Footnote 3:The background facts are taken from the allegations of the complaint (NYSCEF Doc No. 23), Plaintiffs' affidavits submitted in support of the motion for class certification (NYSCEF Doc Nos. 17 and 19), and the respective misdemeanor complaints on which Plaintiffs were arraigned (NYSCEF Doc Nos. 18 and 23). 

Footnote 4:CPL § 150.20(1)(a) provides that, "Whenever a police officer is authorized pursuant to section 140.10 of this title to arrest a person without a warrant for an offense other than a class A, B, C or D felony or a violation of section 130.25, former section 130.40, section 205.10, 205.17, 205.19 or 215.56 of the penal law, he shall, except as set out in paragraph (b) of this subdivision, subject to the provisions of subdivisions three and four of section 150.40 of this title, instead issue to and serve upon such person an appearance ticket."

Footnote 5:Although Plaintiffs argue that a license may also be revoked prior to conviction based on a chemical test refusal, such a revocation is imposed by a Department of Motor Vehicles' hearing officer after a hearing (see VTL § 1194[2][c]) and is thus not a revocation imposed by the "court" under CPL § 150.20(1)(b)(vii).

Footnote 6:NYSCEF Doc. #50 at pg. 6.

Footnote 7:False arrest and false imprisonment are alternative names for the same common law tort (see Metwally v City of New York, 215 AD3d 820, 822 [2d Dept 2023]).

Footnote 8:The Court notes Plaintiffs waived any hearsay objection to the officers' statements since they submitted the misdemeanor complaints in support of their own motion without any objection on the ground of hearsay (see Guevara-Ayala v Trump Palace/Parc LLC, 205 AD3d 450, 451 [1st Dept 2022]; Muller-St-Cyr v New York City Tr. Auth., 194 AD3d 524, 524-525 [1st Dept 2021]; Costor v AT&T Servs., Inc., 187 AD3d 1135, 1136-1137 [2d Dept 2020]).