People of the Town of N. Hempstead v Mineola Union Free Sch. Dist. (2025 NY Slip Op 51401(U))

[*1]

People of the Town of N. Hempstead v Mineola Union Free Sch. Dist.

2025 NY Slip Op 51401(U)

Decided on June 2, 2025

District Court Of Nassau County, Third District

Petrara-Perrin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 2, 2025
District Court of Nassau County, Third District

The People of the Town of North Hempstead, Petitioner,

against
Mineola Union Free School District, Respondent.

Docket No. CR-300381-24NH

Susan E. Fine, Esq., Attorney for Defendant, 445 Main Avenue, Suite 1500, White Plains, New York 10601; Town of North Hempstead, Attorney for Plaintiff, 220 Plandome Road, Manhasset, New York 11030

Madeleine Petrara-Perrin, J.

PAPERS CONSIDERED
Notice of Motion 
Memorandum of Law in Support of Motion to Dismiss
Affirmation in Opposition
Reply Memorandum of Law in Further Support of Motion to Dismiss
The Defendant, Mineola Union Free School District ("School District"), moves for an order pursuant to CPL 170.30(1)(f) dismissing the 11 Town of North Hempstead Code ("Town Code") violations issued to it by the Town of North Hempstead ("Town").
Background
After having been passed by the school budget, the School District began to prepare for the creation of an outdoor sitting area at the Mineola High School. Plans and construction for the outdoor area included enclosing the area with fencing and soft-scaping which led to the removal of trees located on the lawn of the High School, property belonging to the School District. In total, nine trees were removed, some for safety reasons and some in furtherance of the proposed outdoor seating area (Herman Affidavit in Support).
On August 12, 2024, the Town issued 11 summonses against the School District, two of which concerned the School District's failure to display and failure to obtain a building permit Town Code §§ 2-11(G) and 70-220(A)) and nine for removing trees without a permit in violation of Town Code § 20-A-5.
The Town concedes that the two violations concerning the building permit were issued in error.
The issue before the court concerns the nine summonses issued to the School District for cutting down trees without a permit in violation of Town Code § 20-A-5.
The Instant Motion
The School District moves to dismiss the remaining nine violations on two grounds, namely: 1) Chapter 20A of the Town Code is not applicable to the School District by its own terms; and 2) the Town's attempts to regulate the School District with regard to tree removal would "impermissibly impair" the School District in "carrying out its statutory functions."
More specifically, the School District argues that the Town Code's provision for tree removal, which states that no "person" shall remove a tree unless a permit is first obtained, is not applicable to it because the School District is not a "person", as defined in Town Code § 20A-3 ("person" expressly excludes a governmental body or municipality). "As the School District is both a governmental agency and a municipality, it is not a 'person' and, thus, not subject to the requirement to obtain a permit prior to removal of trees from the tree lawn" (Memorandum of Law in Support at p 7). 
The Town opposes the motion.
The Town notes that Town Code § 20-A-5.1 provides that no person can remove a tree from a Town right-of-way without Town approval and, further, that the Town Code does not include "municipalities and "local governments" in the definition of "person" under this section,
Nevertheless, according to the Town, while the School District may admittedly be a "municipal corporation", it is not necessarily recognized as a "municipality" in New York legislation and case law. Relying on Jericho Water Dist. v One Call Users Council, Inc. (10 NY3d 385 [2008]), the Town argues that certain municipal corporations, like school districts, are often "carved out" from the definitions of "municipality" and, according to the Town, these narrow interpretations, as applied in other legislation, should be applied to the instant matter (Affirmation in Opposition at ¶ 6).[FN1]

Simply put, the School District maintains that it is a municipality and, as such, is excluded from the Town Code's definition of "person." The Town, on the other hand, argues that the School District is not a municipality and, thus, does not fall within the exception to Town Code § 20A-5.1.
For the reasons that follow, the Town's contention is unpersuasive, the motion is granted, and each of the violations issued against the School District is dismissed.
Discussion
The crux of the issue at bar is whether the School District is a "person" and thus subject to the Town Code's tree removal ordinance, or falls within the purview of "municipality" such that it would be exempt from the tree removal ordinance.
The Town Code's tree removal ordinance, codified at Town Code § 20A-5.1, sets forth, in relevant part, the following:
Permit required; application; notice of completion for tree or sapling removal in tree lawn and public right-of-way.
A. Tree lawn. No person shall remove, destroy or substantially alter the habit of any tree or sapling within any tree lawn, or cause the same to be done, nor plant, spray, fertilize, prune, remove, cut above ground or otherwise substantially alter the habit of any tree on any tree lawn unless:
(1) A permit is first obtained from the Superintendent of Highways in accordance with the requirements of this section; . . (emphasis added).
"Person" is defined in section 20A-3 of the Town Code as "[a]ny individual, firm, partnership, association, corporation, company or organization of any kind, or agent thereof, but not including the Town, or any other governmental body or municipality or their agents, servants or employees, or a public utility" (emphasis added).
The concept of a school district being a governmental subdivision, a public corporation, and municipal corporation of the state is illustrated in a plethora of case law as well as numerous statutes passed by the legislature.
New York's General Construction Law establishes the meaning of terms not otherwise defined by statute (East Meadow Union Free Sch. Dist. v New York State Div. of Hum. Rts., 65 AD3d 1342 [2d Dept 2009]; General Construction Law § 110 ["This chapter is applicable to every statute unless its general object, or the context of the language construed, or provisions of law indicate that a different meaning or application was intended from that required to be given by this chapter"]). Sections 65 and 66 of the General Construction Law provide that a school district is a public, municipal corporation (see also NY Const., art 10, § 5 [describing a school district as a "public corporation", terminology identical to that appearing in General Construction Law § 65(a)(1)]; Public Authorities Law § 1266(8) ["Except as hereinafter specifically provided, no municipality or political subdivision, including but not limited to a county, city, village, town or school or other district shall have jurisdiction over any facilities of the [MTA] and its subsidiaries . . . ."]; Public Officers Law § 10 ["The oath of office of every state officer shall be filed in the office of the secretary of state; of every officer of a municipal corporation, including a school district . . . ."]; General Municipal Law § 119—n [a] [defines a "municipal corporations" as a "county outside the city of New York, a city, town, a village, a board of cooperative [*2]educational services, fire district or school district]."
In Roslyn Union Free Sch. Dist. v Barkan (16 NY3d 643 [2011]), the Court of Appeals relied upon the General Construction Law "which supplies the definitions of certain statutory terms used to interpret the language and purpose of a statute." The Roslyn Court held that the school district was a corporation for statute of limitations purposes because General Construction Law § 65(a)(1) defines a "corporation" as, inter alia, a "public corporation," which includes a "municipal corporation" under General Construction Law §§ 65(b)(1) and 66(1), and a "municipal corporation" expressly embraces a "school district" (General Construction Law § 66[2]).
Additional cases have described a school district as a municipality (see People v Weckworth, 55 Misc 3d 1210(A) [Criminal Court New York County 2017]) and a municipal corporation (see Greater Poughkeepsie Libr. Dist. v Town of Poughkeepsie, 81 NY2d 574, 580-81 [1993] ["Two types of municipal subdivisions exercise the kind of governmental powers warranting delegation of the power to tax: municipal corporations and district corporations. . . . While municipal corporations generally provide comprehensive local government services, school districts - created for the purpose of education - have long been viewed as independent units on a par with general municipal corporations"]; Union Free Sch. Dist. No. 3 of Town of Rye, Westchester Cnty. v Town of Rye, 280 NY 469, 475-76 [1939] ["Counties, towns and school districts are all 'municipal corporations' or governmental subdivisions of the State. . . . [T]he Legislature in the exercise of its power and the performance of its duty to 'arrange the territory of the state into civil divisions, and to so apportion among them governmental duties' may use the county and its officers for the performance of such governmental functions or duties as it sees fit. 'School districts are, like counties, governmental subdivisions of the state, though their governmental function is confined to education'"]; Perrenod v Liberty Bd. of Educ. for Liberty Cent. Sch. Dist., 223 AD2d 870, 870-71 [3d Dept 1996] [school district and its board are municipal corporations organized under sections 1701 and 1801 of the Education Law]; Van Tassell v Hill, 285 AD 584, 585 [4th Dept 1955] [internal citations omitted] ["Section 50—b by its terms applies to 'every county, city, town, village and other subdivision of government'. . . . A school district is a civil division of the State. It is likewise known as 'governmental subdivisions of the state'. A school district is also a municipal corporation within the purview of the General Corporation Law"]; Board of Educ. of Union Free Sch. Dist. No. 6 of Town of Cortlandt v Board of Educ. of Union Free Sch. Dist. No. 7 of Town of Cortlandt, 76 AD 355 [2d Dept 1902] [1904] ["A school district is a municipal corporation"]; Maik v Massapequa Libr. Bd. of Trs., 46 Misc 2d 159, 160-61 [Supreme Court Special Term Nassau County 1965] [internal citations omitted] ["Although a district corporation and a school district are included within the definition of public corporations, a school district constitutes a municipal corporation, whereas a district corporation includes any territorial division of the State other than a municipal corporation"]; Bochman v Town of Cheektowaga, 2 Misc 3d 966, 970 [Supreme Court Erie County 2004] [school districts, like other municipal corporate bodies, are "purely creatures or agents of the State"]; Matter of Koch v Webster Central School District Bd. of Ed., 112 Misc 2d 10, 12 [Supreme Court Monroe County 1981] ["school districts are municipal corporations and agencies of the state, i.e. political subdivisions"]; Board of Ed., Union Free Sch. Dist. No. 6, Town of Babylon, Suffolk Cnty. v Board of Co-op. Educ. Servs., Third Supervisory Dist., Suffolk Cnty., 41 Misc 2d 699 [Supreme [*3]Court Special Term Suffolk County 1964] [internal citations omitted] ["It has been stated that '[e]ducation has long been regarded as serving a public and governmental purpose' and that '[c]ounties, towns and school districts are all 'municipal corporations' or governmental subdivisions of the state'"]; Board of Ed. of Cent. Sch. Dist. No. 1, Town of Somers, Westchester Cnty. v Stoddard, 49 NYS2d 38, 40 [Supreme Court Albany County Special Term] aff'd 268 AD 936 [3d Dept 1944] [internal citations omitted] [the "maintenance of common schools is a political function and is, primarily, the concern of the State. 'The legislature shall provide for the maintenance and support of a system of free common schools, wherein all the children of the state may be educated.' The Legislature in performing this function forms school districts which are political divisions and agencies of the State for the purpose of more effectively carrying out its local educational programs. These school districts are municipal corporations"]).
The Town primarily relies on Jericho Water Dist. v One Call Users Council, Inc. (10 NY3d 385 [2008]) to support its argument that this court should apply a narrow interpretation of "municipality" to not include the School District - as a municipal corporation - in "municipality" as used in Town Code § 20A-3.
In Jericho Water, the Jericho Water District brought an action against a one-call system and the administrator of that system, seeking a declaratory judgment that it was entitled to an exemption from sharing the system's costs.[FN2]
The only issue before the Court was whether General Business Law § 761 (3)'s exemption for "municipalities" applied to the Jericho Water District such that it would be exempt from paying its share.
According to the Court of Appeals:
"Municipality" is an ambiguous word. It denotes a unit of local government, but it may be used relatively narrowly, to include only entities exercising general governmental functions - i.e., counties, cities, towns and villages - or more broadly, to include also specialized governmental units like plaintiff. In several New York statutes, "municipality" is a defined term, and both the narrower definition (ECL 15-0107 [3]; Executive Law § 155-a [3], [4]; General Business Law § 780 [4]; General City Law § 20-g [3] [a]; General Municipal Law § 239-h [2]; Town Law § 284 [3] [a]) and the broader one (General Municipal Law § 77-b [1] [a]; Public Authorities Law § 1115-a [13]) are used. But there is no statutory definition of the word as used in General Business Law § 761 (3), and the legislative history of that statute gives no clue to which definition the Legislature had in mind.
The narrower definition of "municipality" better corresponds to common usage. In ordinary English, a water district is not a municipality. . . .
Other aids to interpretation point in the same direction. General Construction Law § 66 [*4](2) contains a relatively narrow definition of "municipal corporation," to include only "a county, city, town, village and school district." This definition "is applicable to every statute unless its general object, or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended" (General Construction Law § 110). While it is true that the General Construction Law defines "municipal corporation" and not "municipality," there is no apparent reason why the latter term should be read more broadly than the former. . . . And finally, our conclusion that the narrower reading is the correct one here is reinforced by the maxim that exceptions to generally applicable statutory provisions should be strictly construed (see McKinney's Cons Laws of NY, Book 1, Statutes § 213) (Jericho Water Dist. v One Call Users Council, Inc., 10 NY3d at 390-391, supra).
Given the above rationale, the Court of Appeals held that a water district is not a municipality under GBL 761(3) and must pay its share.[FN3]

Notwithstanding the fact that Jericho Water concerns a water district and not a school district, like that at bar, the court finds that Jericho Water actually supports a finding that the Mineola School District, as a municipal corporation, is a municipality and, thus, exempt from the Town's tree permit removal statute.
The Town's attempt to interpret "municipality" so narrowly as to not include municipal corporation in its ambit is unpersuasive and, in fact, contrary to another section of its own Town Code which includes a school district within its definition of municipality (Town Code § 46-2 defines "municipality" as "[a]ny municipal corporation, agency, school district, district corporation, special district or improvement district located or having jurisdiction, in whole or in part, within the confines of the Town").[FN4]

"While it is true that the General Construction Law defines 'municipal corporation' and not 'municipality,' there is no apparent reason why the latter term should be read more broadly than the former" (Jericho Water Dist. v One Call Users Council, Inc., 10 NY3d 385, 391 [2008]). Indeed, like in Jericho Water, the Court of Appeals has historically and interchangeably referred to municipal corporations as "municipalities" (see City of New York v State of New York, 86 NY2d 286, 289, 293 [1995]; County of Albany v Hooker, 204 NY 1 [1912]; People v Ingersoll, 58 NY 1, 29-30 [1874]).
Conclusion
Based on the foregoing, the court concludes that the Mineola School District, as a municipal corporation, is a municipality and, thus, expressly exempt from the Town's tree permit removal ordinance. Given this finding, the court need not address the School District's additional ground for dismissal set forth in its papers, to wit, that the Town's attempts to regulate the School [*5]District with regard to tree removal would "impermissibly impair" the School District in "carrying out its statutory functions."
Accordingly, it is hereby
Ordered that the School District's motion to dismiss is granted; and it is further
Ordered that each of the 11 summonses issued on August 12, 2024 are dismissed pursuant to CPL 170.30.
This constitutes the decision and order of the court.
Dated: June 2, 2025
Hon. Madeleine Petrara-Perrin

Footnotes

Footnote 1:The Town cites to Jericho Water Dist. v One Call Users Council, Inc. (10 NY3d 385, 391 [2008]) for the proposition that a municipality 'denotes a unit of local government' but 'may be used relatively narrowly, to include only entities exercising general governmental functions' and, further, that a "narrow reading of a statute is the 'correct one' in that 'exceptions to generally applicable statutory provisions should be strictly construed" (Affirmation in Opposition at ¶ 9).

Footnote 2:Pursuant to General Business Law 761(1) and (3), all operators of underground facilities (pipes, cables, wires and the like) are required by statute to participate in a "one-call notification system," so that someone planning excavation may easily find out in advance where those facilities are. The costs of the one-call system are apportioned among the operators who belong to it, but "municipalities" are exempt from paying a share of the costs.

Footnote 3:Supreme Court held that plaintiff was not a municipality, and granted summary judgment in defendants' favor. The Appellate Division, one Justice dissenting, reversed and granted summary judgment in plaintiff's favor. The Court of Appeals granted leave to appeal, reversed the Appellate Division's order and reinstated the Supreme Court's judgment

Footnote 4:Chapter 46 in the Town Code is the "Sanitation Code of the Town of North Hempstead."